**FU LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2095–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Michael Brown, New York, NY, for Petitioner.

R. Alexander Acosta, U.S. Atty. for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Lisette M. Reid, Jonathan D. Colan, Asst. U.S. Attys., Miami, FL, for Respondent.

Present: THOMAS J. MESKILL, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Fu Lin, a native and citizen of China, seeks review of an April 10, 2006 order of the BIA affirming the December 3, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying the petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Fun Lin,* No. A 78 852 475 (BIA Apr. 10, 2006), *af'g* No. A 78 852 475 (Immig. Ct. N.Y. City Dec. 3, 2004).

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66,

73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle but noting that affirmance is appropriate when the reviewing Court can confidently predict that the IJ would adhere to the decision were the case remanded).

In this case, the IJ found Lin's testimony incredible because, among other things, he was unable to explain the following inconsistencies between his testimony and his airport interview: (1) Lin stated at the airport interview that his wife was currently three months pregnant, yet at the hearing he claimed that she was forcibly aborted before he left China; (2) Lin claimed at the airport interview that he had never been arrested, yet he testified at the hearing that he was arrested by the officials and managed to escape from detention; (3) Lin stated in his airport interview that his girlfriend was 24 years old, while at the hearing he testified that she was 20 years old; and (4) Lin stated in his airport interview that his parents had been planning his trip to the United States "for awhile," yet at the hearing Lin denied that his parents planned the trip before he had problems with the family planning officials. These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, regardless of any errors in the IJ's ruling. *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

Lin has not meaningfully challenged the IJ's denial of his withholding of removal and CAT claims in his brief to this Court.

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).